UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JTH TAX, LLC d/b/a LIBERTY TAX SERVICE,

                    Plaintiff,

-against-

DAVID BIONDI, BRIGHTON TAX, LTD, and THINK TAXX, INC.,

                    Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _3/28/2022_

22 Civ. 2455 (AT)

**ORDER TO SHOW CAUSE**

ANALISA TORRES, District Judge:

    Plaintiff, JTH Tax LLC, d/b/a Liberty Tax Service, brings this action alleging violation of the Defend Trade Secrets Act of 2016, 18 U.S.C. § 1836, *et seq.*, as well as breach of contract claims. Compl., ECF No. 1. Plaintiff invokes the Court's subject matter jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1367. *Id.* ¶¶ 11–12. Plaintiff argues that venue is appropriate in this district pursuant to 28 U.S.C. § 1391(b). *Id.* ¶ 13.

    For the purposes of venue, a civil action may be brought in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

    As far as the Court is aware, none of the Defendants reside in the Southern District of New York, and none of the events giving rise to this case occurred in this district. The two corporate defendants have principal places of business in Staten Island, New York, Compl. ¶¶ 6–7, 9–10, and Plaintiff does not specify where in New York state the natural person defendant resides, *see id.* ¶ 8. Plaintiff alleges that the former franchise at the center of this action is located in Staten Island, New York. *Id.* ¶¶ 10, 22, 38. Thus, Plaintiff has not demonstrated that venue is proper in this district under § 1391(b). *See* 28 U.S.C. § 1391(b). It appears that the correct forum for this action is the United States District Court for the Eastern District of New York, where two of the defendants' principal places of business are located and where the events giving rise to this action occurred. 28 U.S.C. § 1391(b); 28 U.S.C. § 112(c) ("The Eastern District comprises the count[y] of . . . Richmond[.]"). For these reasons, and "in the interest of justice," the Court is inclined to transfer this case under 28 U.S.C. § 1406 to the United States District Court for the Eastern District of New York.

Accordingly, Plaintiff shall show cause in writing, by **March 29, 2022**, why this action should not be transferred. If Plaintiff fails to respond within the time allowed, or fails to show that venue is proper in the Southern District of New York and that the action should not be transferred in the interest of justice, the Court shall transfer this case to the United States District Court for the Eastern District of New York.

SO ORDERED.

Dated: March 28, 2022
      New York, New York

                                              ANALISA TORRES
                                      United States District Judge

2